## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **BRIAN PATRICK ROS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-25-CV-492-DB** |
| | § | |
| | § | |
| **CHARISMA EDGE,** *Warden*, **FCI La Tuna,** | § | |
| **Respondent.** | § | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Petitioner Brian Patrick Ros, Federal Prisoner Number 77749-112, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1-1.[1] His petition is dismissed without prejudice for failure to exhaust his administrative remedies.

### BACKGROUND

Ros is a former inmate at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court. *Id.* at 1. He is now assigned to a pre-release residential facility managed by the Long Beach Residential Reentry Management field office in San Pedro, California. *See* Federal Bureau of Prisons ("BOP"), Find an Inmate, www.bop.gov/inmateloc (search for Reg. 77749-112, last visited June 30, 2025). His projected release date is August 15, 2028. *Id*.

On October 3, 2018, in Orange County, California, Ros sold 383 grams of actual methamphetamine and a Springfield Armory, Model XD-40, .40 caliber semi-automatic pistol to a law enforcement confidential informant for $3,000. *United States v. Ros*, 8:19-cr-25-DOC (C.D. Cal.), Plea Agreement, ECF No. 105 at 6. On December 3, 2018, in Orange County, California,

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this matter. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

Ros knowingly and intentionally distributed approximately 443.6 grams of actual methamphetamine to an undercover law enforcement agent for $2,200. *Id.*

Ros pled guilty on December 6, 2021, to distributing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) as charged in count eighteen of an indictment. *Id*., J. Crim. Case, ECF No. 218. Ros was sentenced on December 6, 2021, to 120 months' imprisonment followed by five years' supervised release. *Id.*

Ros now alleges that Respondent Warden Charisma Edge has not properly computed his Good Time Credits ("GTCs"), First Step Act Earned Time Credits ("FTCs"), and Second Chance Credits. Pet'r's Pet., ECF No. 1-1 at 1. He maintains, among other things, that he is entitled to FTCs for the time he engaged in productive activities while in pretrial confinement between March 17, 2019, and September 27, 2019, and again between July 7, 2021, and December 5, 2021.[2] *Id.* He argues that he is not required to exhaust his administrative remedies because this is "an action regarding the unlawful and illegal imprisonment in violation of the Constitution and laws of the United States." *Id.* at 5. He asks the Court to issue an order directing Warden Edge to properly provide all Good Time, First Step Act, and Second Chance Act Credits that [he] is entitled to." *Id*.

### STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A prisoner may attack "the

---

[2] 18 U.S.C. § 3632(d)(4)(B) ("A prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed … during official detention prior to the date that the prisoner's sentence commences under section 3585(a)."); 28 C.F.R. § 523.42 ("An eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served).").

manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

### ANALYSIS

Ros maintains "[e]xhaustion of [a]dministrative [r]emedies is not required for a petition for habeas corpus." *See* Pet'r's Pet., ECF No. 1-1 at 5. A search of Ros's administrative remedy history shows he "has not filed any administrative remedy request regarding the claims raised in this petition while in BOP custody." *See* Resp't's Resp., Ex. 1 (Decl. of Christine Wohld), ECF No. 8-2 at ¶ 19, and Attach. 5 (Administrative Remedy Generalized Retrieval), ECF No. 8-7. He argues "[t]o require the exhaustion of administrative remedies in a habeas corpus claim would be to create a rule that abrogates a Constitutional right which is prohibited." Pet'r's Pet., ECF No. 1-1 at 5. He is wrong. *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010).

The Fifth Circuit has long held that the BOP should be permitted to administratively rectify an error if it fails to properly calculate a sentence. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). "In the event that a prisoner feels he has been improperly refused credit for time he has served in … custody, the prisoner must first 'seek administrative review of the computations of [his] credit, and, once [he has] exhausted [his] administrative remedies, [the] prisone[r] may only then pursue judicial review of these computations.'" *Setser*, 607 F.3d at 133 (quoting *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)); *see also Falcetta v. United States*, 734 F. App'x 286, 287 (5th Cir. 2018) (holding that "dismissal for lack of jurisdiction was appropriate because [the petitioner] failed to show that he exhausted his sentencing credit claim fully through the multi-

3

step BOP exhaustion procedure prior to filing his § 2241 petition."); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) ("[T]his court has determined that a § 2241 petitioner "must first exhaust his administrative remedies through the Bureau of Prisons.") (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (citations omitted)).

While there are exceptions to the exhaustion requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief a prisoner seeks, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions apply only in "extraordinary circumstances." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citations omitted). And a petitioner bears the burden of demonstrating such circumstances. When an inmate lacks a valid excuse for failing to exhaust his administrative remedies prior to filing a § 2241 petition, his petition should be dismissed. *See Thomason v. Guzik*, 226 F.3d 642, at *1 (5th Cir. 2000) (per curiam) ("As he has failed to demonstrate extraordinary circumstances which would warrant a waiver of the exhaustion requirement, we AFFIRM the district court's dismissal of the petition for failure to exhaust administrative remedies.").

Consequently, Ros "must first pursue all available administrative remedies" before seeking relief under § 2241. *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017). And his exhaustion in this context means "proper exhaustion," including his compliance with all administrative deadlines and procedures established by the BOP. *Cf. Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing exhaustion in the context of the Prison Litigation Reform Act).

The Court finds that Ros has failed to exhaust his administrative remedies or carry his burden of proving the futility of an administrative review. *See Fuller*, 11 F.3d at 62 (explaining federal prisoners must exhaust "administrative remedies before seeking habeas relief in federal

4

court under 28 U.S.C. § 2241."). It notes that dismissal on this basis alone is warranted. *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies).

## CONCLUSIONS AND ORDERS

The Court concludes that Ros has failed to exhaust his administrative remedies. The Court accordingly enters the following orders:

**IT IS ORDERED THAT** Petitioner Brian Patrick Ros' "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

**IT IS FURTHER ORDERED THAT** all pending motions are **DENIED**.

**IT IS FINALLY ORDERED THAT** the District Clerk shall **CLOSE** this case.

**SIGNED** this **1st** day of **July 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**